AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

Securities Fraud & Aiding and Abetting (Count One - 18 USC 1348, 2; Count Two -15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-5, 240.10b5-1)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 20 years imprisonment
3 years supervised release
$250,000 fine or twice the gross gain/loss
$100 special assessment

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**DEFENDANT - U.S**
▶ DILEEP KUMAR REDDY KAMUJULA

DISTRICT COURT NUMBER
**CR 22 131 JST**


FILED
MAR 24 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form  STEPHANIE M. HINDS
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  AUSA GARTH HIRE

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction       } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:            Before Judge:

Comments:

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: OAKLAND

---

UNITED STATES OF AMERICA,

V.

DILEEP KUMAR REDDY KAMUJULA,

**FILED**
MAR 24 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CR 22 131 JST

DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. §§ 1348 and 2 – Securities Fraud and Aiding and Abetting;

15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-5, 240.10b5-1 – Securities Fraud;

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

---

A true bill.

/s/ *Foreperson of the Grand Jury - Roy Alper*
                                                    Foreman

Filed in open court this 24th day of

March 2022

Ivy L. Garcia, Clerk

Bail, $ No Bail - Warrant

DONNA M. RYU, U.S. Magistrate Judge

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

FILED
MAR 24 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 22 131 |
| Plaintiff, | |
| v. | **VIOLATIONS:** 18 U.S.C. §§ 1348 and 2 – Securities Fraud and Aiding and Abetting; 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-5, 240.10b5-1 – Securities Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation |
| DILEEP KUMAR REDDY KAMUJULA, | |
| Defendant. | |
| | OAKLAND VENUE |

INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

Relevant Entities and Individuals

1. Twilio, Inc. ("Twilio") was a cloud communications company headquartered in San Francisco, California. Twilio was a publicly traded company whose shares were publicly traded on the New York Stock Exchange under the symbol "TWLO." Twilio shares were registered under Section 12 of the Securities Exchange Act of 1934, and Twilio was required to file reports with the United States Securities and Exchange Commission ("SEC") under section 15(d) of the Securities Exchange Act of

INDICTMENT

1934.

2. The person known to the Grand Jury as Insider One was a resident of Fremont, California, and was employed by Twilio as a software engineer since 2019. Through his employment at Twilio, Insider One accessed material nonpublic information concerning Twilio's financial results before those results were made public. As part of his job at Twilio, Insider One supported the company's customer billing system and assisted Twilio's Revenue Accounting Team. Insider One had regular access to a financial records system used by Twilio to monitor and account for customer sales, upon which Twilio's quarterly revenue figure was partially based. Insider One viewed that customer usage data prior to the public release of the quarterly revenue and earnings.

3. TD Ameritrade Holding Corporation ("TD Ameritrade") was a financial services company and brokerage. TD Ameritrade facilitated for individual investors the buying and trading of securities, including stock shares issued by publicly traded companies such as Twilio and stock options.

4. Defendant DILEEP KUMAR REDDY KAMUJULA ("KAMUJULA") was an acquaintance of Insider One and was a resident of Santa Clara, California. KAMUJULA was employed as a software engineer by a public company headquartered in the Northern District of California. During all times relevant to this Indictment, KAMUJULA maintained brokerage accounts at TD Ameritrade.

Twilio's Confidentiality and Insider Trading Policies

5. As an employee of Twilio, Insider One owed a duty of trust and confidence to Twilio and was precluded from using or disclosing material nonpublic information he learned in the course of this employment.

6. Twilio maintained written policies prohibiting the dissemination of material nonpublic and confidential information, including information relating to the company's quarterly financial performance. Twilio required all employees, including Insider One, upon commencement of employment to review and sign a confidentiality agreement in which employees acknowledge their responsibility not to disclose Twilio's confidential information.

7. Twilio required its employees, including Insider One, to acknowledge compliance with rules and policies that limited the use or disclosure or confidential information, including the following:

INDICTMENT                                    2

(a) Twilio's Code of Business Conduct and Ethics, which stated their obligation to not disclose or distribute confidential information without company authorization and specified that this duty to safeguard confidential information also applied to communications with family members and friends; and (b) its Amended and Restated Policy on Insider Trading, which set forth Twilio's expectations of employee conduct, including prohibitions on discussing material nonpublic information about Twilio with anyone other than in connection with the performance of their duties to Twilio and prohibitions on tipping or giving trading advice while in possession of material nonpublic information. Twilio also required employees to complete training that included reminders about confidentiality obligations and company policies regarding confidential information.

8. Twilio's insider trading policy restricted all Twilio employees from trading outside of specified trading windows. These trading windows prohibited trading after the tenth day of the last month of each quarter and then allowed trading after the issuance of an earnings announcement. Twilio employees received notification emails each quarter regarding the trading window.

## Twilio Announcement of Earnings on May 6, 2020

9. After the end of the first quarter of 2020 ending March 31, 2020, Twilio accounting employees began the process of determining the financial results of the company during that quarter, including the preparation of the SEC Form 10-Q that would be filed with the SEC and contain the financial reports for the quarter. On May 6, 2020, after the close of stock trading, Twilio issued a press release publicly announcing its financial results, and in that release Twilio reported earnings of $0.06 per share, a profit that exceeded the Wall Street analyst consensus estimate of earnings. On May 6, 2020, before the earnings were announced, Twilio stock closed at a price of $122.40 per share. On May 7, 2020, the day after the financial results were reported, Twilio's stock price increased by nearly 40 percent, and closed at a price of $170.89 per share.

10. In advance of the May 6, 2020, announcement, the company sent an email on March 2, 2020 informing employees that its trading window for the first quarter of 2020 closed on March 10, 2020. This policy would prohibit trading in Twilio stock by any Twilio employee from March 10, 2020, to after May 6, 2020, the day earnings were released.

INDICTMENT                                    3

The Insider Trading Scheme

11. From in or about April 2020 through in or about May 2020, KAMUJULA and Insider One participated in a scheme to defraud in connection with securities of Twilio. Insider One provided KAMUJULA with material nonpublic information regarding Twilio's financial results before those results were publicly disclosed. KAMUJULA traded Twilio securities, including call options, on the basis of the material nonpublic information provided by Insider One. Insider One breached his duty to maintain the confidentiality of the information he learned through his employment at Twilio, and KAMUJULA knew that Insider One breached his duty in providing the tipped information. As part of the insider trading scheme, Insider One provided confidential and nonpublic information about Twilio financial results for the benefit of Insider One, and KAMUJULA converted and used the confidential and nonpublic information he learned from Insider One in order to obtain money or property through the trading of Twilio securities.

12. As a further part of the scheme to defraud, KAMUJULA placed trades using Twilio's confidential information in advance of Twilio's May 2020 earnings announcement. Specifically, between April 9, 2020, and May 6, 2020, KAMUJULA purchased approximately 257 call options for a total cost of approximately $133,333. On May 6, 2020, Twilio announced its quarterly earnings, and following this announcement, KAMUJULA sold or exited his Twilio stock options. Between on or about May 7 and May 8, 2020, KAMUJULA sold all 257 Twilio call options he had acquired in the preceding four weeks for a total profit of approximately $961,662.

COUNT ONE:    (18 U.S.C. §§ 1348 and 2 – Securities Fraud and Aiding and Abetting)

13. Paragraphs 1 through 12 are re-alleged and incorporated as if fully set forth here.

14. On or about May 6, 2020, in the Northern District of California and elsewhere, the defendant,

DILEEP KUMAR REDDY KAMUJULA,

did knowingly execute and attempt to execute a scheme and artifice to defraud persons in connection with securities of Twilio, an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934 and an issuer that was required to file reports under section 15(d) of the Securities Exchange Act of 1934, and to obtain money and property by means of materially false and

INDICTMENT                                                 4

fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of Twilio, an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1934 and an issuer that was required to file reports under section 15(d) of the Securities Exchange Act of 1934, by purchasing approximately 40 Twilio stock call options for a cost of approximately $20,000 through a brokerage account held at TD Ameritrade.

All in violation of Title 18, United States Code, Sections 1348 and 2.

COUNT TWO:   (15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-5, 240.10b5-1 – Securities Fraud)

15. Paragraphs 1 through 12 are re-alleged and incorporated as if fully set forth here.

16. Beginning on or about April 8, 2020, and continuing until on or about May 6, 2020, in the Northern District of California, the defendant,

DILEEP KUMAR REDDY KAMUJULA,

did willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, in connection with the purchase and sale of securities, use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, United States Code, Section 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b5, 240.10b5-1, and 240.10b5-2, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and course of business which operated and would operate as a fraud and deceit upon persons, specifically, KAMUJULA executed and caused others to execute securities transactions in Twilio stock and options based on material nonpublic information, through the purchase of approximately 40 Twilio stock call options on May 6, 2020 as a cost of $20,000 through a brokerage account held at TD Ameritrade.

FORFEITURE ALLEGATION:   (18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 2461(c))

The allegations contained in Counts One and Two of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 21 U.S.C. § 2461(c).

INDICTMENT                                                   5

Upon conviction for any of the offenses set forth in Counts One and Two of this Indictment, the defendant,

DILEEP KUMAR REDDY KAMUJULA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including but not limited to the following:

   a. All funds seized from a brokerage account at TD Ameritrade in the name of Dileep Kumar Reddy Kamujula Rollover IRA associated with an account number ending in 8991;

If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28 United States Code Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: March 24, 2022                     A TRUE BILL.

/s/ *Foreperson of the Grand Jury – Roy Alper*
FOREPERSON

STEPHANIE M. HINDS
United States Attorney

/s/ *Garth Hire*
GARTH HIRE
Assistant United States Attorney

INDICTMENT                                         6